**DELDAR LEGAL**
Mona Deldar (CA SBN 231393)
*mdeldar@deldarlegal.com*
P. David Cienfuegos (CA SBN 225394)
*dcienfuegos@deldarlegal.com*
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (844) 335-3271

Attorneys for Plaintiff Anita Gor

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ANITA GOR, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>BRITISH AIRWAYS, PLC, a New York Corporation,<br><br>Defendant | Case No.: 21-1840<br><br>**COMPLAINT FOR DAMAGES:**<br>1. MONTREAL CONVENTION – STRICT LIABILITY<br>2. MONTREAL CONVENTION – NEGLIGENCE<br><br>**DEMAND FOR JURY TRIAL** |

---
**COMPLAINT FOR DAMAGES**

Plaintiff Anita Gor ("Dr. Gor") hereby makes the following allegations against defendant British Airways, PLC ("BA"):

## FACTUAL ALLEGATIONS

1. Plaintiff, Dr. Gor, was a passenger on British Airways Flight 279. On April 16, 2019, Dr. Gor boarded a British Airways aircraft in London, United Kingdom for a direct flight to San Jose, California, USA, scheduled to depart at 2:40 p.m. Dr. Gor boarded with other passengers, found her seat (40C), and was comfortable for most of the flight.

2. About five hours before arrival at SJC, Mineta San Jose International Airport, around 12:29 pm local time, Dr. Gor leaned over to tie her shoe. While attempting to tie her shoe, an inattentive flight crew member negligently struck Dr. Gor's head. According to the CSR-8311-Cabin Safety Report, the cause of the injury was undeniably caused by the flight crew "[w]orking in confined space". There was no loss of consciousness, but multiple records report that there was post-traumatic amnesia (PTA)--impaired retention of new memories.

3. A physician on board attended to Dr. Gor until the flight landed, at which point American Medical Response (AMR) transported her to O'Connor Hospital.

4. Dr. Gor is 54 years of age and was until the injury, a self-employed optometrist. Before her injuries, she was in excellent health, and performed personally all the services required in her occupation and planned to do so until she retired at age 70.

5. As a result of the injuries sustained in this accident, Dr. Gor has been unable to work for an extended period and is unable to return to work.

6. Plaintiff has suffered bodily injury and severe emotional distress as a result of BA's negligence. Despite demanding that she receive fair compensation from BA for the injuries that she suffered due to BA's negligence, her injuries have been ignored.

## PARTIES

7. Plaintiff Anita Gor is an individual domiciled in San Francisco, California.

8. Defendant British Airways, PLC is a corporation duly licensed and authorized to do business in the State of California, with its principal business office in New York, New York.

## JURISDICTIONAL STATEMENT

9. The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the Convention for Unification of Certain Rules for International Carriage by Air" (Montreal, May 28, 1999, reprinted in S. Treaty Doc. No. 106–45, 1999 WL 33292734 (2000) (eff. Nov. 4, 2003) ("Montreal Convention").

10. The Court has personal jurisdiction over BA pursuant to the Montreal Convention and also because BA has significant business contacts with the state of California.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391 pursuant to the Montreal Convention and also because BA has significant business operations out of San Francisco, California, including the fact that San Francisco International Airport is one of BA's major airport hubs.

## INTRADISTRICT ASSIGNMENT

12. Assignment to the San Francisco division of this Court is appropriate because Dr. Gor resides in San Francisco and because BA conducts significant business operations out of San Francisco.

## THE MONTREAL CONVENTION

13. The Convention for the Unification of Certain Rules for International Carriage by Air, known as the Montreal Convention, governs the uniform system of liability for international air carriers. *Ehrlich v. American Airlines, Inc.* (2d Cir. 2004) 360 F.3d 366, 371 n.4 (2d Cir. 2004). "The Montreal Convention 'unifie[d] and replace[d] the system of liability that derives' from the Warsaw Convention, many provisions of the conventions are similar, and courts continue to evaluate provisions of the Montreal Convention using 'cases interpreting equivalent provisions in the Warsaw Convention.' " *LAM Wholesale, LLC v. United Airlines, Inc.* (E.D.N.Y. Mar. 31, 2019) 2019 WL 1439098, at *2 n.2 (alteration in original) (quoting *Hunter v. Deutsche Lufthansa AG* (E.D.N.Y. 2012) 863 F. Supp.2d 190, 205); See also *Safa v. Deutsche Lufthansa Aktiengesellschaft* (E.D.N.Y. 2014) Inc., 42 F. Supp.3d 436, aff'd, 621 F. App'x. 82 (2d Cir. 2015) (summary order) ("[T]he Court may rely on precedent interpreting the Warsaw Convention's parallel provisions when addressing claims under the Montreal Convention"

(citation omitted)).

14. The Montreal Convention "applies to all international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention, Art I(1), May 28, 1999 (entered into force on Nov. 4, 2003) reprinted in S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000). "[I]nternational carriage means any carriage in which, according to the agreement between the parties, the place of departure and the place of destination, whether or not there be a break in the carriage or a transshipment, are situated ... within the territories of two States Parties." *Id.*, Art. 1(2).

15. The primary goal of the Montreal Convention is to "limit airline accident liability while protecting the rights of passengers and shippers utilizing international air carriage." *Seagate Logistics, Inc. v. Angel Kiss, Inc.* (E.D.N.Y. 2010) 699 F. Supp.2d 499, 505. To that end, the Montreal Convention preempts state and federal claims that fall within its scope. *Best v. BWIA West Indies Airways Ltd.* (E.D.N.Y. 2008) 581 F. Supp.2d 359, 362 ("By its own terms, the treaty, where applicable, preempts the remedies of a signatory's domestic law, whether or not the application of the [Montreal] Convention will result in recovery in a particular case." (citing *El Al Israel Airlines, Ltd. v. Tseng* (1999) 525 U.S. 155, 161; 119 S.Ct. 662).

## FIRST CAUSE OF ACTION
### (Montreal Convention – Strict Liability)

16. Plaintiff hereby re-incorporates and re-alleges all the preceding paragraphs as if fully set forth herein.

17. As previously alleged in greater detail, Plaintiff was a passenger on BA Flight 279.

18. Pursuant to treaty, the Montreal Convention is the exclusive remedy for claims brought by international air passengers arising out of an accident that took "on board the aircraft or in the course of any of the operations of embarking or disembarking."

19. As previously alleged in greater detail, Plaintiff experienced an "accident" within the meaning of the Montreal Convention.

20. As previously alleged above, Plaintiff experienced bodily injury, severe emotional distress, mental injury, and physical manifestations of injury caused by, or arising out of, the

accident.

21. Pursuant to Article 21 of the Montreal Convention, BA is strictly liable to Plaintiff in an amount up to approximately 128,821 special drawing rights (SDR) a mix of currency values established by the International Monetary Fund (IMF) equal to U.S. $186,693.35.[1]

## SECOND CAUSE OF ACTION

### (Montreal Convention - Negligence)

22. Plaintiff hereby re-incorporates and re-alleges all the preceding paragraphs as if fully set forth herein.

23. As previously alleged in greater detail, Plaintiff was a passenger on BA Flight 279.

24. Pursuant to treaty, the Montreal Convention is the exclusive remedy for claims brought by international air passengers arising out of an accident that took "on board the aircraft or in the course of any of the operations of embarking or disembarking."

25. As previously alleged in greater detail, Plaintiff experienced an "accident" within the meaning of the Montreal Convention.

26. As previously alleged in greater detail, Plaintiff experienced bodily injury, severe emotional distress, mental injury, and physical manifestations of injury caused by, or arising out of, the accident.

27. Pursuant to Article 21 of the Montreal Convention, BA is liable to Plaintiff for damages arising out of the accident that were caused by its own negligence.

28. As previously alleged in greater detail, BA's negligence was the cause of the accident that took place on Flight 279. An inattentive flight crew member negligently struck Dr. Gor's head caused by the flight crew working in a confined space.

## PRAYER

WHEREFORE, Plaintiff Anita Gor prays for judgment as follows:

---

[1] Pursuant to the 2019 review of the limits of liability conducted by ICAO under Article 24 of the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montréal on 28 May 1999 (Doc 9740) (Montreal Convention of 1999), the revised limits of liability established under Articles 21 and 22 of the said Convention, in Special Drawing Rights (SDRs), effective as of 28 December 2019, are 128,821.

1. For judgment against defendant British Airways, PLC;

2. On the First Claim for relief, for actual damages according to proof, but in no event less than $75,000, but no greater than the equivalent of 128,821 Special Drawing Rights in U.S. currency at the time of judgment;

3. On the Second Claim for relief, for actual damages (special and general) in excess of 128,821 Special Drawing Rights in U.S. currency at the time of judgment, according to proof;

4. For costs of suit; and

5. For such other and further relief as the court should deem just and proper.

Dated: March 16, 2021                                    **DELDAR LEGAL**

By: _____
P. David Cienfuegos (CA SBN 225394)
*dcienfuegos@deldarlegal.com*
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (844) 335-3271

Attorneys for Plaintiff Anita Gor

## JURY DEMAND

Plaintiff Anita Gor hereby demands a jury trial for her claims against defendant British Airways, PLC.

Dated: March 16, 2021                    **DELDAR LEGAL**

By: _____
P. David Cienfuegos (CA SBN 225394)
*dcienfuegos@deldarlegal.com*
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (844) 335-3271

Attorneys for Plaintiff Anita Gor